RECEIVED
FEB 13 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOREN SEISS, ET UX. | CIVIL ACTION NO. 11-1778 |
| -vs- | JUDGE DRELL |
| LOWE'S HOME CENTERS, INC. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is the Motion for Summary Judgment filed by Lowe's Home Centers, Inc. (Doc. 16). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be DENIED.

I. **Background**

On June 9, 2011, Mrs. Toren Seiss claims she tripped and fell over four vertically-stacked boxes on the floor of the millworks department at Lowe's in Alexandria. Mrs. Seiss and her husband, Nathaniel Seiss, were shopping for moulding, which was located at the back of the store. (Docs. 20-3; 20-8). The moulding display began approximately three feet up from the floor and extended to a vertical height of eight to twelve feet, depending on the size of the moulding. (Docs. 20-19; 20-22). Mr. and Mrs. Seiss were walking side by side looking up at the moulding display. (Docs. 20-3; 20-8). When they were between the moulding display and the boxes, Mr. Seiss told Mrs. Seiss he wanted to look elsewhere. (Docs. 20-3; 20-4; 20-8). Mrs. Seiss stepped back to turn, hit her foot

on what the Plaintiffs allege were four vertically-stacked long, narrow boxes, lost her balance, and fell onto her right side to the boxes and the floor. (Doc. 20-3). Mrs. Seiss claims she injured her right elbow, hip, and side when she hit the floor and that her left knee and leg twisted. (Doc. 20-5).

Mr. and Mrs. Seiss claim they never saw the boxes on the floor at Lowe's before Mrs. Seiss tripped and fell. (Docs. 20-3; 20-8). In order to reach the millworks department, the Plaintiffs walked down the main aisle of the store and turned right at the moulding aisle, which was located on the back wall across the length of the store. (Docs. 20-4; 20-20). Without actually providing dimensions, Mrs. Seiss remembers the moulding aisle as "a very wide aisle," and labeled the space as "wide" in the drawing she provided at her deposition. (Doc. 20-4, at Ex. 2). Mrs. Seiss's drawing and testimony assert once she and her husband turned right into the moulding aisle, the four boxes would have been located straight ahead in the middle of the aisle approximately fifty feet away. (Doc. 20-4, at Ex. 2). Mrs. Seiss claims she and her husband did not see the boxes, because they started looking upward at the moulding as they entered the aisle. (Doc. 20-4).

According to Martha Powell, the loss prevention manager at Lowe's, the boxes were four in number, each with dimensions of 98" x 7" x 5". (Doc. 16-6). Plaintiffs claim the boxes were stacked on top of one another, but a photograph allegedly taken by Ms. Powell after the accident shows four boxes stacked two boxes high by two boxes wide. (Docs. 20-4; 20-9; 20-14). Mr. Seiss estimated the height of the boxes at 8" to 12" and Mrs. Seiss at 12" to 18". (Docs. 20-4; 20-9).

Lowe's employee Veneiro Joseph Roman witnessed the accident and was five feet from Mrs. Seiss when she fell onto the boxes. (Doc. 20-18). Roman was walking down the moulding aisle toward the bathroom when he first saw Plaintiffs forty or fifty feet away looking at moulding for one or two minutes before the accident. (Docs. 20-18; 20-20). According to Roman, after her fall, Mrs. Seiss stated she "forgot" the boxes were on the floor behind her. (Doc. 20-18).

In the current motion, Defendant argues this case should be dismissed because the boxes on which Mrs. Seiss tripped and fell were open and obvious and did not present an unreasonable risk of harm. (Doc. 16).

## II. **Law & Analysis**

### A. Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine

dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Louisiana Merchant Liability Statute

The merchant liability statute governs the "trip and fall" claim in this case. Lowe's meets the definition of a "merchant" under the statute.[1] Therefore Lowe's "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In this action against Lowe's, Plaintiffs have the burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) [Lowe's] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) [Lowe's] failed to exercise reasonable care.

Id. at (B). To combine La. R.S. 9:2800.6 with the summary judgment standard, if Defendant can show it is undisputed Plaintiffs cannot prove their case, then the burden shifts to Plaintiffs to establish such a dispute exists.

A potentially dangerous condition is not an unreasonable risk of harm if it is open and obvious. Hays v. Wal-Mart La. LLC, 2010 WL 4386828, at *1 (W.D. La. Oct. 28, 2010). Louisiana courts and federal courts in the Western District of Louisiana have previously held that pallets and boxes which are clearly visible in an aisle or passageway of a merchant's business are open and obvious and do not "inherently impose an unreasonable risk of harm." Taylor v. Wal-Mart Stores, Inc., 2006 WL 1476031 (W.D. La.

---

[1] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." There is no dispute that Lowe's satisfies this requirement.

4

May 23, 2006); <u>Pitre v. La. Tech. Univ.</u>, 673 So.2d 585, 591 (La. 1996); <u>Reed v. Home Depot, Inc.</u>, 843 So.2d 588 (La. App. 2d Cir. 2003). In <u>Hays</u>, the plaintiff tripped and fell over a box that was plainly visible in a store aisle because the plaintiff saw the box before the accident. 2010 WL 4386828, at *1-*2. The court found that an open and obvious box is a normal condition that "any customer would reasonably expect to encounter." <u>Id.</u> at *2 (internal citations and quotations omitted).

Here, there is a genuine factual dispute about whether the boxes were open and obvious. Mr. and Mrs. Seiss claim they did not see the boxes when they turned into the moulding aisle because they were looking up at the moulding displays. (Docs. 20-3; 20-8). However, Roman claims Mrs. Seiss admitted she "forgot" about the boxes after she fell. (Doc. 20-18). The dispute is obvious. It is one thing not to see something at all, it is another to have seen and forgotten.

The size of the boxes also creates a genuine factual dispute about whether the boxes were open and obvious. While the four boxes were (undisputedly) more than eight feet long, the measurements show the height of the boxes stacked on top of one another was between 20-28".[2] Given that the boxes were apparently on the floor, we cannot say as a matter of law that the boxes were open and obvious based on the facts presented thus far.

---

[2] This height estimate is based on assuming the four boxes were stacked height-wise on the same side, which would be either the 5" side or the 7" side. (Doc. 16-6). Even if the boxes were not stacked on the same side, the height would fall between 20-28". However if the boxes were stacked in a two-high by two-wide formation as shown in Ms. Powell's photograph, the height of the boxes would have been between 10-14". (Doc. 20-14).

We do not know if Mr. and Mrs. Seiss will be able to prove their claims and, at least for now, wonder how they truly could not see the boxes when they turned into the moulding display aisle. However, there is a clear conflict in the record creating a genuine factual dispute, and we cannot grant summary judgment.

### C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be denied.

SIGNED on this 13th day of February, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT